IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,415-02




EX PARTE TERRY JOE SOLLEY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1125854-B IN THE 339TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty-five years’ imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Solley v. State, No. 14-07-00803-CR (Tex. App.—Houston [14th Dist.] 2009, pet.
ref’d).
            Applicant contends, among other things, that trial counsel failed to convey a plea offer of
twenty years. The trial court made findings of fact and conclusions of law and recommended that
we deny relief. We believe that the record is not sufficient to resolve Applicant’s claim.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order the prosecutor in Applicant’s case to respond and state whether she or he offered twenty
years in exchange for Applicant’s guilty plea. The trial court may also order trial counsel to respond
a second time to Applicant’s claim. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law. It shall determine
whether the State made a plea offer of twenty years, Applicant would have accepted this offer, the
State would have withdrawn it, and the trial court would have accepted it. Missouri v. Frye, 132 S.
Ct. 1399 (2012). The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 2, 2014
Do not publish